UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL W. O'DELL,

     PLAINTIFF,

v.                                   **CASE NO.** _____

UNITED STATES OF AMERICA,

     DEFENDANT.

_____/

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

COMES NOW the Plaintiff, Michael W. O'Dell (hereinafter "O'Dell"), by and through his undersigned legal counsel, and hereby files his Complaint for Damages Under the Federal Tort Claims Act against the Defendant, United States of America, states as follows:

## INTRODUCTION

1.     This is an action against the Defendant, United States of America, under the Federal Tort Claims Act, (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for negligence and professional malpractice in connection with medical care provided to Plaintiff O'Dell by the Department of Veterans Affairs at the Tampa Veterans Affairs Medical Center.

2.     The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for money damages as compensation for personal injuries caused by the Defendant's negligence.

3.     Plaintiff O'Dell has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claim Act. *Standard Form 95 attached as Exhibit A*.

4.      This suit has been timely filed, in that Plaintiff O'Dell timely served notice of his claim on both the Department of Veterans Affairs and the United States Department of Justice less than two years after the incident forming the basis of this suit.

5.      Plaintiff O'Dell is now filing this Complaint pursuant to 28 U.S.C. § 2401(b) after receiving the Department of Veterans Affairs' September 29, 2016 notice of "final denial of administrative claim." *Administrative Tort Claim Denial Letter attached as Exhibit B.*

## PARTIES, JURISDICTION AND VENUE

6.      Plaintiff O'Dell is, and at all times relevant hereto was, a resident of Hillsborough County, Florida.

7.      Defendant United States of America, through its agency, the Department of Veterans Affairs, operates the Veterans Affairs Medical Center located at 13000 Bruce B. Downs Boulevard, Tampa, Florida 33612.

8.      Defendant United States of America, including its directors, officers, operators, administrators, employees, agents, and staff at the Tampa VA Medical Center are hereinafter collectively referred to as "Tampa VA Medical Center."

9.      At all times relevant to this Complaint, the Tampa VA Medical Center held themselves out to the Plaintiff and eligible beneficiaries, as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the Plaintiff.

10.     At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the

Defendant. Furthermore, the Defendant is responsible for the negligent acts of their employees and agents under respondeat superior.

11.     Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

12.     Venue is proper under 28 U.S.C. § 1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Middle District of Florida.

## FACTUAL ALLEGATIONS

13.     On June 26, 2014, Mr. O'Dell underwent a total knee replacement, right knee, at the Tampa VA Medical Center.

14.     Tampa VA Medical Center noted on June 29, 2014, during the course of Mr. O'Dell's post-operative recovery, that extra time was required for exercises and gait training due to increased right knee pain.

15.     Tampa VA Medical Center noted on July 2, 2014, that further investigation was needed into right knee pain/swelling as it is interfering with therapy.

16.     Tampa VA Medical Center noted on July 8, 2014, that Mr. O'Dell puts forth effort during therapy sessions, but participation in exercises and progress is limited by pain tolerance.

17.     Tampa VA Medical Center noted on July 12, 2014, that Mr. O'Dell continues to be discouraged by lack of progress with right knee flexion, given the timeframe since surgery.

18.     Tampa VA Medical Center noted on July 30, 2014, that Mr. O'Dell was tearful, had thoughts of suicide, and was therefore referred to psychiatry ER because of severe depression due to his health.

19.     On August 6, 2014, Tampa VA Medical Center began performing right knee manipulation on Mr. O'Dell under anesthesia.

20.     Tampa VA Medical Center noted on September 17, 2014, that persistent pain and swelling continued 3 months post operation, and recommended admission to the hospital, with initiation of empiric IV antibiotics, bone scan, and pain management consult.

21.     On September 18, 2014, Mr. O'Dell was admitted to the Tampa VA Medical Center for persistent pain and swelling in his right lower extremity. He also was noticed to have some erythema on the anterior, lateral and inferior aspects of his knee, and complex regional pain syndrome. The antibiotic vancomycin will begin to be administered via IV. Mr. O'Dell determined he will proceed with an outside orthopaedic consult for a second opinion as previously planned.

22.     Tampa VA Medical Center noted on September 19, 2014, that findings of the bone scan support the diagnosis of complex regional pain syndrome in the right knee and foot. However, an infectious process is not completely excluded within the right knee. Diffuse radiotracer activity throughout the right lower extremity, predominantly within the right thigh, likely representing muscle injury/edema.

23.     Tampa VA Medical Center noted on September 22, 2014, persistent pain and swelling of right lower extremity 3 months post operation.

24.     Tampa VA Medical Center noted on September 23, 2014, that cellulitis/infection cannot be totally ruled out.

25.     Tampa VA Medical Center noted on September 26, 2014, a high possibility of infection.

26.     On October 10, 2014, Mr. O'Dell was seen by Dr. Charles Nofsinger, MD, and diagnosed with an infected prosthetic right knee joint.

27.     On October 14, 2014, Dr. Nofsinger placed an antibiotic spacer in Mr. O'Dell's right knee.

28.     On October 18, 2014, Mr. O'Dell was set up for home health treatment by the Tampa VA Medical Center. A peripherally inserted central catheter (PICC) was placed, vancomycin was set up for 6-week total treatment, and it was recommended Mr. O'Dell start ciprofloxacin for 6 weeks.

29.     Tampa VA Medical Center noted on October 20, 2014, that Mr. O'Dell had significant edema from his right thigh down to his right ankle.

30.     Tampa VA Medical Center noted on October 29, 2014, that Mr. O'Dell presents with decreased endurance, right upper extremity edema (at PICC site), and decreased ability to perform activities of daily living (ADLs).

31.     Dr. Nofsinger noted on November 3, 2014, that Mr. O'Dell had limited range of motion of his right knee in all planes.

32.     On December 12, 2014, Dr. Nofsinger performed a removal of the first antibiotic spacer and placement of a second antibiotic spacer.

33.     On January 21, 2015, the Tampa VA Medical Center performed an X-ray on Mr. O'Dell's left shoulder, with an impression of mild to moderate degenerative joint disease.

34.     On March 3, 2015, the Tampa VA Medical Center physical therapy notes include right knee weakness and low back pain.

35.     Dr. Nofsinger noted on March 9, 2015, that Mr. O'Dell showed no signs of infection, and recommended proceeding with staged right knee revision with heparinization.

36.     On May 12, 2015, Dr. Nofsinger performed a total knee revision on Mr. O'Dell's right knee.

37.     On May 22, 2015, Mr. O'Dell was referred by the Tampa VA Medical Center to inpatient rehab physical therapy services after right total knee revision.

38.     Tampa VA Medical Center noted on June 2, 2015, significant right knee edema and poor right quad muscle activation. Additionally, Mr. O'Dell presents with slightly decreased self care independence, shoulder pain, decreased endurance, extensive scar tissue in right knee and proximal to knee, and decreased functional mobility. He is also anxious due to his surgical history.

39.     Tampa VA Medical Center noted on June 5, 2015, that range of motion remains limited primarily due to edema around joint. Continue with right knee range of motion, strength exercises. Continue use of e-stim to strengthen right quad.

40.     Tampa VA Medical Center noted on June 8, 2015, Mr. O'Dell presents with forward flexed posture with anterior tilt of humeral head in bilateral shoulders. Mr. O'Dell is muscularly and posturally very tight, max difficulty with manual positioning.

41.     Tampa VA Medical Center noted on June 9, 2015, Mr. O'Dell is frustrated with progress and long recovery time.

42.     On August 31, 2015, Dr. Nofsinger performed left shoulder corticosteroid injection.

43.     Tampa VA Medical Center noted on September 4, 2015, impaired gait secondary to multiple knee operations. Mr. O'Dell will benefit from skilled physical therapy treatment for aquatic physical therapy and manual therapy to improve the low back pain and right knee strength.

44.     On September 11, 2015, Dr. Nofsinger recommended MRI of left shoulder, X-rays of left and right shoulder.

45.     On September 11, 2015, Dr. Neelesh Prakash, MD, performed an X-ray on Mr. O'Dell's left knee, with an impression of mild patellofemoral compartment osteoarthritis of the left knee.

46.     Tampa VA Medical Center noted on November 9, 2015, signs and symptoms consistent with knee/low back pain secondary to limited scar tissue with clinical presentation of decreased range of motion, decreased strength, decreased scar tissue and patellar mobility which limits his ability to perform functional tasks without increased symptoms.

47.     Tampa VA Medical Center noted on November 24, 2015, that Mr. O'Dell continues to have antalgic gait and reports leg giving way occasionally.

48.     Dr. Nofsinger noted on January 4, 2016, continuing quad weakness and right knee instability.

49.     Tampa VA Medical Center noted on February 22, 2016, knee pain, difficulty walking, chronic low back pain, and bilateral shoulder pain. Referred to prosthetics for multidirectional control knee brace.

50.     Dr. Nofsinger noted on May 6, 2016, unstable gait pattern, positive varus and valgus instability, positive Hawkins and Neers sign, and right knee arthritis with continued instability.

## CAUSES OF ACTION

### COUNT I – NEGLIGENCE

51.     Plaintiff O'Dell realleges and reincorporates each and every allegation above as if fully set forth herein.

52.     The Defendant had a duty to provide ordinary care, and to exercise that standard and degree of care and skill required of health care providers, consistent with the expertise that the Defendant presented to the community at large.

53.     The Defendant breached its duty of care to Mr. O'Dell.

54.     At all times relevant to this Complaint, the Defendant had a duty to hire competent operators, administrators, employees, agents, and staff in order to meets its standards of quality of care of its patients, including Mr. O'Dell. The Defendant knew, or should have known, that the medical staff of the facility was not properly trained, and/or supervised, in a manner necessary to provide a level of care for Mr. O'Dell that met all applicable legal requirements; that demonstrated the standard and degree of care and skill required of competent health care providers; and was consistent with the expertise that the Defendant presented to the community at large.

55.     The Defendant breached its duty by negligently hiring incompetent, inexperienced, and/or unqualified operators, administrators, employees, agents, and staff.

56.     The Defendant had a duty to retain only competent and adequately trained operators, administrators, employees, agents, and staff in order to meet its standards of quality of care of its patients, including Mr. O'Dell.

57.     The Defendant breached its duty by negligently retaining incompetent, inexperienced, unqualified, and/or inadequately trained operators, administrators, employees, agents, and staff.

58.     The Defendant had a duty to monitor Mr. O'Dell post-operatively and look for signs and symptoms of known complications that could compromise his surgery and health.

59.     The Defendant Breached its duty to Mr. O'Dell for failing to properly monitor him post-operatively and treat known complications to his surgery.

60.     As a direct and proximate result of Defendant's negligence, Mr. O'Dell sustained serious and permanent personal injuries in and about his body; he has incurred medical expenses, and other damages, and will continue to incur medical expenses, and other damages in the future; he was forced to endure pain, suffering, and mental anguish, and will continue to endure pain, suffering, and mental anguish in the future; he has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future; and he has lost wages, and will continue to lose wages in the future.

61.     The acts and/or omissions set forth above would constitute a claim under the law of the State of Florida.

62.     The Defendant is liable pursuant to 28 U.S.C. § 1346(b)(1).

## COUNT II – VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY

63.     Plaintiff O'Dell realleges and reincorporates each and every allegation above as if fully set forth herein.

64.     At all times relevant to this case, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendant.

65.     At all relevant times to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff acted within their respective capacities and scopes of employment for the Defendant.

66.     The directors, officers, operators, administrators, employees, agents, and staff negligently and/or recklessly, directly and proximately caused personal injury to Mr. O'Dell, including both acts of omission and acts of commission.

67.     As a direct and proximate result of Defendant's negligence, Mr. O'Dell sustained serious and permanent personal injuries in and about his body; he has incurred medical expenses, and other damages, and will continue to incur medical expenses, and other damages in the future; he was forced to endure pain, suffering, and mental anguish, and will continue to endure pain, suffering, and mental anguish in the future; he has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future; and he has lost wages, and will continue to lose wages in the future.

68.     The acts and/or omissions set forth above would constitute a claim under the law of the State of Florida.

69.     The Defendant is liable pursuant to 28 U.S.C. § 1346(b)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Michael W. O'Dell, does hereby pray that judgement be
entered in his favor and against the Defendant as follows:

1)      Medical expenses, lost wages, pain and suffering, future impairment, and loss of
enjoyment of life totaling $1,500,000.00; and

2)      Costs and attorneys fees incurred in this civil action, together with such further
and additional relief at law or in equity that this Court may deem proper.

Dated this 29th day of March, 2017.

Respectfully submitted,

JAMES A. WARDELL, ESQUIRE
Florida Bar No.:  0868061
WARDELL LAW FIRM, P.A.
805 W. Azeele Street
Tampa, FL  33606
Telephone:  (813) 387-3333
Facsimile:  (813) 387-3050
jwardell@jawlaw.net
kdaley@jawlaw.net
Attorney for Plaintiff